IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Mellette, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:23-911-BHH |
| v. ) | |
| ) | **ORDER** |
| Ms. Ray and Ms. Greg-Wright, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Kevin Mellette's ("Plaintiff") pro se complaint and motion for preliminary injunction. (ECF Nos. 1 and 29.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

On October 31, 2023, Magistrate Judge Molly H. Cherry filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion for a preliminary injunction. Specifically, the Magistrate Judge found that Plaintiff failed to satisfy all four of the elements required for a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). First, the Magistrate Judge found that Plaintiff failed to make a clear showing that he is likely to succeed on the merits, noting that he provided no evidence in support of his motion, and the Magistrate Judge found that Plaintiff failed to show that he is likely to suffer irreparable harm in the absence of preliminary relief. Next, the Magistrate Judge also found that Plaintiff failed to demonstrate that the balance of the equities necessitates, or that the public interest would favor, entry of a preliminary injunction. Attached to the Report was a notice advising

Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on November 17, 2023. (ECF No. 37.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After review of Plaintiff's objections, the Court notes that nowhere does Plaintiff specifically respond to the Magistrate Judge's findings or point to any errors in the Magistrate Judge's analysis of the *Winter* factors. Ultimately, the Court agrees with the Magistrate Judge's analysis of the *Winter* factors, and the Court finds Plaintiff's objections entirely unavailing. Accordingly, the Court hereby overrules Plaintiff's objections (ECF No. 37); adopts and incorporates the Magistrate Judge's Report (ECF No. 35); and denies Plaintiff's motion for preliminary injunction (ECF No. 29).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 12, 2024
Charleston, South Carolina